**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Yoandy Carrodeguas Castillo,<br>Plaintiff<br>-vs-<br>Unknown Party, et al.,<br>Defendants. | CV-25-2798-PHX-DGC (JFM)<br><br>**Order** |

Petitioner has filed a Petition for Writ of Habeas Corpus (Doc. 1) asserting that he is being unlawfully detained pending removal, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeking release on supervision or on bond. An answer to the Petition has been ordered, and service is proceeding. Now, Inaivis Rodriguez Echenique, the purported fiancée of Petitioner, has filed a Motion for Bond (Doc. 10), seeking Petitioner's release on bond pending the resolution of this habeas petition.

The Court observes that, in violation of Federal Rule of Civil Procedure 5.2 Echenique has included copies of drivers licenses depicting full dates of birth, and potentially the full names of minors. Accordingly, this filing will be ordered sealed. Because it will also be stricken as unauthorized, Echenique will not be required to file a redacted copy under Rule 5.2(d).

Whatever her relationship with Petitioner, Echenique is a "stranger" to this action. In federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, "the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).

Echenique does not purport to be an attorney making this filing as counsel to

- 1 -

Petitioner, nor that she is a member of the bar of this Court. "[O]nly members of the bar of this Court may practice in this District." Local Rule of Civil Procedure 83.1(b).

Echenique has not asserted any facts that would justify her appearing as "next friend" for Petitioner. A "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

To the extent that Echenique is representing her own interests, she is not a party to this action, and has not sought leave to intervene in this case. *See* Fed. R. Civ. Proc. 24.

Finally, Echenique has not moved for leave to appear as *amicus curiae* to the Court. "There is no inherent right to file an *amicus curiae* brief with the Court. It is left entirely to the discretion of the Court. This is true notwithstanding the fact that the parties may have consented, or do not object." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (citations omitted). Moreover, "an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005), *disapproved on other grounds sub nom. Guidiville Band of Pomo Indians v. NGV Gaming Ltd.*, 2005 WL 5503031 (N.D. Cal. Oct. 19, 2005).

Accordingly, Echenique's Motion is not properly filed with the Court.

**IT IS THEREFORE ORDERED:**

(A)  Echenique's Motion for Bond (Doc. 10) be **SEALED**.

(B)  Echenique's Motion for Bond (Doc. 10) be **STRICKEN**.

(C)  The Clerk must forward a copy of this Order to Movant Echenique.

Dated: September 11, 2025

25-2798-010o Order 25 09 11 on Motion for Bond.docx

James F. Metcalf
United States Magistrate Judge

- 2 -